PEOPLE v MILLER

Docket No. 294566. Submitted April 13, 2010, at Detroit. Decided April 15, 2010, at 9:05 a.m.

Marvin Miller was charged in the St. Clair Circuit Court with larceny from a motor vehicle, MCL 750.356a(1), and larceny of property with a value of less than $200, MCL 750.356(1) and (5), both in connection with property that he allegedly stole from a truck. Defendant moved to quash the information related to the charge of larceny from a motor vehicle, arguing that MCL 750.356a(1) did not apply to the cell phone that he allegedly removed because such phones are not permanently attached to the vehicle. The court, James P. Adair, J., granted the motion. The Court of appeals granted the prosecution leave to appeal.

The Court of Appeals *held*:

MCL 750.356a(1) provides that a person who steals or unlawfully takes or removes a "wheel, tire, air bag, catalytic converter, radio, stereo, clock, telephone, computer, or other electronic device in or on any motor vehicle, house trailer, trailer, or semitrailer" is guilty of a felony. Nothing in the language of the statute indicates a legislative intent to limit the statute's application to items that are permanently attached to the vehicle. The statute applies to enumerated items that are not generally attached to but are merely included within the space of the vehicle.

Reversed.

LARCENY — LARCENY FROM A VEHICLE — ITEMS NOT ATTACHED TO A MOTOR VEHICLE.

A person who steals or unlawfully removes or takes a wheel, tire, air bag, catalytic converter, radio, stereo, clock, telephone, computer, or other electronic device in or on a motor vehicle, house trailer, trailer, or semitrailer is guilty of a felony under MCL 750.356a(1); the statute applies to enumerated items that are not attached to but are merely included within the space of the vehicle.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Michael D. Wendling*, Prosecuting Attorney, and *Timothy K. Morris*, Assistant Prosecuting Attorney, for the people.

*Boucher and Kanan PLLC* (by *Michael G. Boucher*) for defendant.

Before: M. J. KELLY, P.J., and TALBOT and WILDER, JJ.

PER CURIAM. In this interlocutory appeal, the prosecution appeals by leave granted an order granting defendant's motion to quash a charge of larceny from a motor vehicle, MCL 750.356a(1). We reverse.

I

On June 24, 2009, William Buchheister drove his truck to a softball field in St. Clair County, parked it in a lot about 50 feet away from the field, and left it unlocked. At approximately 9:30 p.m., Buchheister was watching a softball game, and a friend alerted him that someone was in his truck. Buchheister alleged that he saw defendant get out of the truck and flee, so Buchheister and his friends pursued. Buchheister further alleged that his friends apprehended defendant about 15 minutes later. Buchheister's cellular telephone, keys, and wallet had been removed from his truck. His cellular telephone and keys were found on a street corner, and his wallet was found in a factory near the area where defendant allegedly ran.

Defendant was charged with larceny from a motor vehicle under MCL 750.356a(1), on the basis of the allegation that he took Buchheister's cellular telephone, and also with larceny of less than $200, MCL 750.356(1) and (5). Defendant moved to quash the charge of larceny from a motor vehicle, arguing that MCL 750.356a(1) does not apply to cellular telephones because they are not permanently attached to the vehicle and would not reduce the value of the vehicle if taken. In granting defendant's motion, the trial court

concluded that cellular telephones do not fall within the parameters of the statute. After the prosecution unsuccessfully sought reconsideration from the trial court, this Court granted leave to appeal. *People v Miller*, unpublished order of the Court of Appeals, entered November 17, 2009 (Docket No. 294566).

II

On appeal, the prosecution argues that the trial court improperly interpreted MCL 750.356a(1) as being limited to the larceny of electronic devices that are permanently attached to the vehicle. We agree. This Court reviews a trial court's decision on a motion to quash the information for an abuse of discretion. See *People v Stone*, 463 Mich 558, 561; 621 NW2d 702 (2001). To the extent that a lower court's decision on a motion to quash the information is based on an interpretation of the law, appellate review of the interpretation is de novo. *Id.*

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *People v Droog*, 282 Mich App 68, 70; 761 NW2d 822 (2009). To determine the intent of the Legislature, this Court must first examine the language of the statute. *Bush v Shabahang*, 484 Mich 156, 166-167; 772 NW2d 272 (2009). The language must be read and understood in its grammatical context and in relation to the statute as a whole. *United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 13; 795 NW2d 101 (2009); *Bush*, 484 Mich at 167. " '[T]his Court must enforce clear and unambiguous statutory provisions as written.' 'If the language of [a] statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written.' " *United*

*States Fidelity*, 484 Mich at 12-13 (citations omitted). Nothing will be read into a clear and unambiguous statute that is not within the manifest intent of the Legislature as derived from the language of the statute itself. *Bay Co Prosecutor v Nugent*, 276 Mich App 183, 189; 740 NW2d 678 (2007). If a statute is ambiguous, judicial construction is appropriate. *People v Warren*, 462 Mich 415, 427; 615 NW2d 691 (2000). "A provision is not ambiguous just because 'reasonable minds can differ regarding' the meaning of the provision." *People v Gardner*, 482 Mich 41, 50 n 12; 753 NW2d 78 (2008), quoting *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 165; 680 NW2d 840 (2004). On the contrary, a statutory provision is ambiguous only if it irreconcilably conflicts with another statutory provision or it is equally susceptible to more than one meaning. *Gardner*, 482 Mich at 50 n 12.

MCL 750.356a(1) provides, in relevant part:

> A person who commits larceny by stealing or unlawfully removing or taking any wheel, tire, air bag, catalytic converter, radio, stereo, clock, telephone, computer, or other electronic device in or on any motor vehicle, house trailer, trailer, or semitrailer is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $10,000.00, or both.

The language of MCL 750.356a(1) is clear and unambiguous. It criminalizes stealing, unlawfully removing, or taking a specific and limited list of items of property (wheels, tires, air bags, catalytic converters, radios, stereos, clocks, telephones, computers, or other electronic devices) from a specific and limited list of vehicles (motor vehicles, house trailers, trailers, or semitrailers). The broad term "telephone" that the Legislature adopted, which is defined as "an apparatus, system, or process, for transmission of sound or speech to a distant

point, [especially] by an electric device," *Random House Webster's College Dictionary* (2000), includes the cellular or "mobile" telephone that defendant allegedly took from Buchheister's truck.

Nothing in the language of MCL 750.356a(1) expresses the legislative intent to limit the statute's application to items that are permanently attached to the vehicle. See *Nugent*, 276 Mich App at 189. Rather, the property listed in MCL 750.356a(1) includes items "in or on" the vehicles listed. "In" is "used to indicate inclusion within space, a place, or limits," whereas "on" means "so as to be attached to or unified with . . . ." *Random House Webster's College Dictionary* (2000). The fact that wheels, tires, air bags, and catalytic converters are generally on or attached to a vehicle does not by itself prevent the application of MCL 750.356a(1) to other enumerated items that are not generally attached to but are merely included within the space of the vehicle.

Contrary to defendant's argument, the application of subsection (1) of MCL 750.356a to all enumerated items "in or on" the listed vehicles does not result in a scheme of punishment in subsection (1) that irreconcilably conflicts with the statute as a whole. See *Gardner*, 482 Mich at 50 n 12. A person who violates subsection (1) is guilty of a felony with a specific punishment, regardless of the value of the property stolen, unlawfully removed, or taken. In contrast, a person who violates subsection (2) of the statute is guilty of a misdemeanor or felony, with a range of possible punishments, depending on the value of the stolen or unlawfully removed property and the person's prior convictions. MCL 750.356a(2). "[T]he ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature." *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127

(2001). As the Supreme Court explained in *People v Milbourn*, 435 Mich 630, 635; 461 NW2d 1 (1990), the distinctions between "sentence ranges for different offenses across the spectrum of criminal behavior" reflect the Legislature's "value judgments concerning the relative seriousness and severity of individual criminal offenses." It is reasonable to conclude from the distinctions in subsections (1) and (2) that the Legislature intended to penalize the stealing, unlawful removal, or taking of specific items commonly associated with vehicles in subsection (1) differently than the stealing or unlawful removal of other unspecified property in subsection (2).

Reversed.