PEOPLE v ACOSTA-BAUSTISTA

Docket No. 303015. Submitted April 10, 2012, at Lansing. Decided May 1,
2012, at 9:05 a.m.

Valeriano Acosta-Baustista was charged in the 55th District Court
with a violation of MCL 257.904(4), which makes it a felony for a
person to cause the death of another person while operating a
motor vehicle in violation of MCL 257.904(1). MCL 257.904(1)
provides that the following may not operate a vehicle upon the
public highways or other places open to the general public or
generally accessible to motor vehicles: (1) a person whose opera-
tor's license has been suspended or revoked, (2) a person whose
application for a license has been denied, or (3) a person who has
never applied for a license. Defendant, an illegal alien, was
operating a truck with an expired Mexican-issued license when he
struck another vehicle, resulting in that driver's death. There was
no allegation that defendant was negligent. The court, Donald L.
Allen, Jr., J., determined that there was probable cause to believe
that defendant was guilty of violating MCL 257.904(4) and bound
defendant over to the Ingham Circuit Court. The circuit court,
William E. Collette, J., reversed the district court's order, quashed
the bindover, and ordered that the charge be dismissed. The
prosecution appealed.

The Court of Appeals *held*:

1. MCL 257.904(1) and (4) do not apply to or penalize a person
driving a motor vehicle with a valid, but recently expired license
that was never suspended or revoked. The limiting language in
MCL 257.904(4) exempts from its penalties a person whose motor
vehicle operator's or chauffer's license was suspended because
that person failed to answer a citation or comply with an order or
judgment and makes clear that the statute is to be applied to
persons whose licenses were suspended because of unsafe or illegal
driving, not those whose licenses were suspended for administra-
tive reasons unrelated to their driving records.

2. Pursuant to articles VI and VII of the Convention on the
Regulation of Inter-American Automotive Traffic 1943, the United
States and Mexico have reciprocity with each other so that a
person licensed in one country is allowed to operate a motor

vehicle in the other country while using that foreign license. A person's immigration status does not affect the driving privileges afforded by the convention or the manner in which MCL 257.904(4) is applied. MCL 257.904(4) applies equally regardless of whether the motor vehicle operator is driving pursuant to a license from Michigan, a foreign country that is a signatory to the convention, or one of the other 49 states. To hold otherwise would necessitate making an improper policy decision. The circuit court properly quashed the bindover and ordered the charge dismissed because the evidence did not demonstrate probable cause that defendant violated MCL 257.904(4)

Affirmed.

1. CRIMINAL LAW — MOTOR VEHICLES — EXPIRED LICENSE — OPERATION OF MOTOR VEHICLES WITH SUSPENDED OR REVOKED DRIVER'S LICENSE.

   Under MCL 257.904(1) and (4), a person whose motor vehicle operator's license has been suspended or revoked, a person whose application for a license has been denied, or a person who has never applied for a license is guilty of a felony if he or she operates a motor vehicle on the public highways or other places open to the general public or generally accessible to motor vehicles and by that operation causes the death of another person; MCL 257.904(1) and (4) do not apply to or penalize a person driving a motor vehicle with an expired license.

2. CRIMINAL LAW — MOTOR VEHICLES — EXPIRED LICENSE — FOREIGN LICENSE.

   Pursuant to articles VI and VII of the Convention on the Regulation of Inter-American Automotive Traffic 1943, the United States and Mexico have reciprocity with each other so that a person licensed in one country is allowed to operate a motor vehicle in the other country while using that foreign license; a person's immigration status does not affect the driving privileges afforded by the convention or the application of MCL 257.904(1) and (4), which prohibit operating a motor vehicle with a suspended or revoked license or without having applied for a license and by that operation causing another's death.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Stuart J. Dunnings, III*, Prosecuting Attorney, and *Joseph B. Finnerty*, Appellate Division Chief, for the people.

*Jonathon Toby White, PLC* (by *Stephanie R. Farman*), for defendant.

Before: HOEKSTRA, P.J., and SAWYER and SAAD, JJ.

PER CURIAM. The prosecution appeals as of right the circuit court order granting defendant's motion to quash his bindover after the district court found that there was probable cause to believe that defendant was guilty of operating a vehicle in violation of MCL 257.904(4). The circuit court held that there was no probable cause and ordered that the charge be dismissed. Because we conclude that the plain language of MCL 257.904(4) does not include persons driving with an expired license, we affirm.

This case arises from a fatal automobile accident. On September 3, 2009, the driver's side door of Adam Nevells's automobile was struck by a pickup truck driven by defendant as Nevells pulled out of the Okemos High School parking lot onto Jolly Road. Nevells died as a result of the injuries he received in the crash; he was the only occupant of the vehicle. It was later determined by police that defendant had the right of way and that defendant's effort to stop before striking Nevells's vehicle left a 30-foot skid mark on the road leading to the crash site. No negligence on defendant's part was alleged. It was also not disputed that defendant possessed an operator's license originating in Mexico that had expired on May 27, 2009.

Defendant was charged with violating MCL 257.904(4), which makes it a felony offense for a person who has never applied for a license or a person with a suspended or revoked license to operate a motor vehicle and by that operation cause the death of another person. A preliminary examination was held on December 2, 2010. On the basis of the evidence establishing the facts discussed earlier, the district court concluded that there was probable cause to bind defendant over for a felony trial.

In the circuit court, defense counsel moved to quash the bindover on the ground that defendant did not violate MCL 257.904 because there was no evidence that he had been driving on a suspended or revoked license or that he had failed to apply for a license or been denied one. Defense counsel stressed that Mexico and the United States have an agreement whereby each country honors a license issued by the other. The reciprocity between Mexico and the United States in this regard is not disputed by the parties on appeal. The relevant reciprocity agreement is set forth in articles VI and VII of the Convention on the Regulation of Inter-American Automotive Traffic 1943.

Defense counsel alternatively argued in the circuit court that there was insufficient evidence to show proximate causation. In response, the prosecutor argued that defendant was in violation of MCL 257.904 because he had no valid license and additionally urged the circuit court to interpret MCL 257.904 as imposing strict liability on the causation element. The circuit court agreed with defendant on both grounds and ordered that the charge against him be dismissed. This appeal ensued.

On appeal, regarding defendant's license status, the prosecution argues that the circuit court erred by dismissing the charge because the evidence was sufficient to establish probable cause that defendant was in violation of MCL 257.904(4).

The issues raised in this case require that we interpret MCL 257.904. We review de novo issues of statutory interpretation. *People v Hrlic*, 277 Mich App 260, 262; 744 NW2d 221 (2007). "The purpose of statutory interpretation is to give effect to the intent of the Legislature." *People v Denio*, 454 Mich 691, 699; 564 NW2d 13 (1997). If a statute is clear, it must be enforced as written. *Id.*

When interpreting a statute, we do not speculate about the probable intent of the Legislature beyond the words expressed in the statute. *In re Schnell*, 214 Mich App 304, 310; 543 NW2d 11 (1995). "Nothing will be read into a clear and unambiguous statute that is not within the manifest intent of the Legislature as derived from the language of the statute itself." *People v Miller*, 288 Mich App 207, 210; 795 NW2d 156 (2010). Accordingly, the statutory language itself is the best indicator of the statute's scope. *Id.*

Defendant was charged with a violation of MCL 257.904(4), which provides in pertinent part: "A person who operates a motor vehicle in violation of subsection (1) and who, by operation of that motor vehicle, causes the death of another person is guilty of a felony . . . ." MCL 257.904(1) provides:

> A person whose operator's or chauffeur's license or registration certificate has been suspended or revoked and who has been notified as provided in [MCL 257.212] of that suspension or revocation, whose application for [a] license has been denied, or who has never applied for a license, shall not operate a motor vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of motor vehicles, within this state.

We observe that MCL 257.904(1) is carefully worded to identify precisely what licensing deficiencies are punishable. The plain language of the statute applies to persons who never apply for a license or who obtain one but subsequently have the license suspended or revoked because of improper driving. In the first instance, the person has never been adjudged fit to drive. In the second instance, the person has specifically been adjudged unfit to drive. In contrast, a person with a valid license who has simply let it lapse is a person adjudged fit to drive who has merely failed to keep up the related paperwork.

MCL 257.904(1) and (4) apply to and penalize a person whose operator's license "has been suspended or revoked," a person "whose application for [a] license has been denied," or a person "who has never applied for a license." Defendant's status as a person driving on a valid but recently expired license is not included in the plain statutory language. The fact that defendant's license was never suspended or revoked was not contested; further, it was not contested that defendant never applied for a Michigan driver's license and was never denied a driver's license for which he did apply. Rather, defendant had applied for and was granted a Mexican driver's license.

The language in MCL 257.904(4) is instructive because it exempts from its penalties "a person whose operator's or chauffeur's license was suspended because that person failed to answer a citation or comply with an order or judgment . . . ." This language limits the application of the statute to persons driving on licenses that were suspended because of unsafe or illegal driving, not merely those suffering suspension for administrative reasons unrelated to their driving records. For these reasons, we conclude that MCL 257.904(1) does not include licensed drivers whose licenses have merely expired, and accordingly, we conclude that the penalties of MCL 257.904(4) do not apply to persons driving with expired licenses.

The prosecution does not directly disagree with this interpretation of MCL 257.904(4). Instead the prosecution focuses its argument on an interpretation predicated on defendant's status as an illegal alien. Specifically, the prosecution argues that defendant is in violation of the statute because he never applied for a Michigan driver's license and, as an illegal alien, defendant would not be entitled to a Michigan driver's license

if he were to apply for one. Accordingly, the prosecution argues, defendant is a person "who never applied for a license" in violation of MCL 257.904(1) and is consequently subject to MCL 257.904(4).

Defendant responds by asserting that the prosecution's argument fails because pursuant to the Convention on the Regulation of Inter-American Automotive Traffic 1943, defendant was not required to apply for a Michigan driver's license because his Mexican license is recognized in Michigan. The prosecution asserts that the convention does not excuse defendant from his failure to apply for a Michigan license because he was in the United States illegally and, consequently, should not be extended the privilege of driving set forth in the convention. According to the prosecution, because defendant cannot rely on the convention for lawful driving privileges in Michigan, he was required to obtain a Michigan driver's license and his failure to apply for one subjects him to prosecution pursuant to MCL 257.904(1) as a person who has "never applied."

We are not persuaded by the prosecution's attempt to draw a distinction on the basis of an individual's immigration status in regard to the privileges extended by the Convention on the Regulation of Inter-American Automotive Traffic 1943 and the application of MCL 257.904. First, we observe that the prosecution cites no authority to support its position that defendant's immigration status affects whether he may be prosecuted under MCL 257.904. Moreover, the prosecution admits that the convention is silent with respect to immigration status. Similarly, MCL 257.904 does not make any reference to, let alone a distinction, regarding driving privileges based on immigration status. There simply is no statutory language or case authority to support the

prosecution's contention that defendant's immigration status is a relevant consideration regarding the application of MCL 257.904.

Under these circumstances, the prosecution is urging us to impose a policy decision regarding the application of MCL 257.904 to illegal aliens. Because there is no basis either in law or in the language of the statute to hold that immigration status is relevant to the application of MCL 257.904, accepting the prosecution's argument would constitute our making a policy decision, which is a function reserved to the Legislature. *People v McIntire*, 461 Mich 147, 152; 599 NW2d 102 (1999) (" 'Because our judicial role precludes imposing different policy choices than those selected by the Legislature, our obligation is, by examining the statutory language, to discern the legislative intent that may reasonably be inferred from the words expressed in the statute.' ") (citations omitted).

Therefore, we conclude that the plain language of the statute and the convention support a finding that the reasoning underlying MCL 257.904(1) and (4) is not affected by the motor vehicle operator's immigration status and will remain the same regardless of whether the motor vehicle operator is driving pursuant to a license from Michigan, a foreign country that is a signatory to the convention, or one of the other 49 states.

The evidence presented at the preliminary hearing established that defendant was driving on a Mexican-issued license as permitted by the convention, and the fact that defendant's license was expired at the time of the accident does not make MCL 257.904 applicable. Consequently, the circuit court did not err when it granted defendant's motion to quash the bindover

because this evidence does not demonstrate probable cause to believe that defendant is guilty of violating MCL 257.904(4).[1]

Affirmed.

HOEKSTRA, P.J., and SAWYER and SAAD, JJ., concurred.

---

[1] In light of our resolution of this issue, we need not reach the question of causation.