# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEVEN MICHAEL STANLEY,

        Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No. 319229
Bay Circuit Court
LC No. 13-010265-FH

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction following a jury trial of attempted malicious destruction of police property, MCL 750.377b, and operating a vehicle with license suspended, second offense, MCL 257.904(3)(b).[1] Defendant was sentenced as a fourth habitual offender, MCL 769.12, to serve 120 days' imprisonment and 3 years' probation for the attempt conviction. He was also sentenced to serve 93 days' imprisonment for the suspended license conviction. We affirm.

Bay County Sherriff's Department Sergeant Donald Duchene testified at defendant's preliminary examination that while patrolling in the early morning hours, he encountered a 1994 Chrysler that "appeared [to have] no license plate on the vehicle . . . where the license plate would be attached." Duchene testified that the vehicle's "license plate light wasn't functioning at the time." Duchene testified that he was approximately a block away when he first noticed the missing license plate, then pulled up "less than a car length away" and still could not see a plate and did not notice a temporary plate. Duchene stated he then activated his lights and initiated a traffic stop for defective equipment and failure to display a visible license plate. Duchene testified that once the vehicle was stopped, he used his spotlight but still "couldn't see a plate." Duchene testified that after adjusting his spotlight, he could see what he believed was a paper license plate in the window. He said that he "couldn't read the paper plate." Duchene testified that when the vehicle stopped, defendant, who was driving, jumped out and "started throwing his

---

[1] The jury acquitted defendant of a charge of assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a person performing his or her duties, MCL 750.81d(1).

-1-

arms up" and began yelling, swearing, and telling Duchene he had no reason to stop him. Duchene ordered defendant to return to his vehicle, and defendant eventually complied.

Duchene stated that after he obtained defendant's identification, he discovered he had a suspended license. Duchene then handcuffed defendant and placed him in the back of the patrol car. Duchene testified that when he walked back to speak with a passenger in the vehicle, he "could hear [defendant] yelling" and "could hear him kicking at" the patrol car door and window. Duchene testified that he went back to the patrol car, opened the door, ordered defendant to stop kicking, then "pushed [defendant] back up against the other side" so he could not kick the window and door. Duchene stated that defendant continued "kicking towards" him, although defendant did not make contact with him. Duchene stated that defendant's actions did not damage the patrol car.

Defendant filed a motion to quash the charges filed, arguing that Duchene did not have reasonable suspicion to initiate the traffic stop because defendant "had a properly displayed, clearly visible, and properly issued paper plate affixed to the rear window of the vehicle." The court denied defendant's motion, finding that Duchene had reasonable suspicion because he could not see a license plate despite his close proximity, and once he initiated the stop and saw the plate, defendant exited his vehicle and began harassing the officer. Defendant argues that the court's ruling was in error.

We review a lower court's decision to deny a motion to quash charges for an abuse of discretion. *People v Miller*, 288 Mich App 207, 209; 795 NW2d 156 (2010). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). The application of constitutional standards regarding searches and seizures to essentially uncontested facts is entitled to less deference under a de novo standard of review. *People v Oliver*, 464 Mich 184, 191-192; 627 NW2d 297 (2001).

The United States Constitution protects the right of the people against "unreasonable searches and seizures." US Const, Am IV. Reasonableness is measured by examining the totality of the circumstances. *Ohio v Robinette*, 519 US 33, 39; 117 S Ct 417; 136 L Ed 2d 347 (1996). In determining whether a traffic stop is reasonable, courts apply the standard from *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), and ask whether an officer had a reasonable suspicion that a vehicle or one of its occupants was in violation of the law. *People v Williams*, 236 Mich App 610, 612; 601 NW2d 138 (1999). Under *Terry*, reasonableness is premised on "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 US at 19-20. An officer may stop and inspect a motor vehicle for an equipment violation under the Michigan Vehicle Code (MVC), MCL 257.1 *et seq.*, upon demonstrating reasonable grounds for the stop.[2] *Williams*, 236 Mich App at 612.

---

[2] MCL 257.715(1) states that "[e]quipment on motor vehicles as required under this act shall be maintained as provided in this act. A uniformed police officer may on reasonable grounds

-2-

MCL 257.686(2) requires the following concerning visibility and illumination for a rear registration plate:

> Either a tail lamp or a separate lamp shall be constructed and placed so as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear. A tail lamp or tail lamps, together with any separate lamp for illuminating the rear registration plate, shall be wired so as to be lighted whenever the head lamps or auxiliary driving lamps are lighted.

Pursuant to MCL 257.225(2), a registration plate must be located "in a place and position that is clearly visible" and must be maintained "free from foreign materials that obscure or partially obscure the registration information and in a clearly legible condition."

Defendant contends that although the illumination and visibility requirements of MCL 257.686(2) and 257.225 apply to permanent metal registration plates, which are generally affixed to a location on the exterior of a vehicle, these requirements do not apply to temporary paper registration plates that are placed in a vehicle's rear window. Nothing in the plain language of the statute mandates that conclusion. MCL 257.686(2) requires illumination by a white light and visibility from a distance of 50 feet for every "rear registration plate." MCL 257.50 defines "registration" as "a registration certificate, plate, adhesive tab, or other indicator of registration issued under this act for display on a vehicle." Although the word "plate" is undefined in the MVC, the code does refer to the paper registrations given for temporary purposes as "plates" despite their paper composition. See MCL 257.226a; MCL 257.625*l*. The MVC does not contain a more specific provision governing visibility and illumination of temporary registration plates that would control over the more general provisions of MCL 257.686(2) and MCL 257.225. *In re Haley*, 476 Mich 180, 199; 720 NW2d 246 (2006) (holding that when a statute contains a specific provision and a more general related provision, the specific provision controls). Therefore, the plain language of MCL 257.686(2) and MCL 257.225 does not exclude temporary registration plates from the illumination and visibility requirements governing registration plates generally. However, even if temporary registration plates need not be illuminated, the record reflects that the officer did not see any registration plate when he made the stop.

Defendant next argues that if Duchene had reasonable suspicion to initiate the stop, his suspicion was dispelled once he observed the temporary registration plate in the window, prohibiting any further action. If a traffic stop is conditioned on sufficient reasonable suspicion under *Terry*, the remaining question is whether the officer's subsequent actions and detention were reasonably related in scope to the circumstances surrounding the stop. *Terry*, 392 US at 20. "A traffic stop is reasonable as long as the driver is detained only for the purpose of allowing an officer to ask reasonable questions concerning the violation of law and its context for a reasonable period." *People v Williams*, 472 Mich 308, 315; 696 NW2d 636 (2005). Further,

---

shown stop a motor vehicle to inspect the vehicle, and if any defects in equipment are found, issue an appropriate citation."

"when a traffic stop reveals a new set of circumstances, an officer is justified in extending the detention long enough to resolve the suspicion raised." *Id.*

In this case, Duchene was permitted to ask questions and obtain information related to the vehicle and defendant's identity. *Id.* at 316. Defendant's identifying information soon revealed that he was driving with a suspended license. In addition, when Duchene first executed the stop, defendant exited his vehicle, and was agitated and angry. Defendant's conduct was of a nature that could sensibly heighten the officer's suspicion that a criminal activity was afoot. *Id.* at 315. Because Duchene's conduct was reasonable in scope to the underlying circumstances surrounding the stop, he did not violate defendant's Fourth Amendment rights and the lower court properly denied defendant's motion to quash charges.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens