# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellant,

v

ERNEST EUGENE KENNEDY,

   Defendant-Appellee.

UNPUBLISHED
November 20, 2018

No. 340539
Wayne Circuit Court
LC No. 17-004742-01-FH

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

The prosecution appeals the trial court's order granting defendant's motion to dismiss following the trial court's grant of defendant's motions to suppress and to quash the information. We reverse and remand.

Defendant was charged, as a fourth habitual offender, MCL 769.12, with operating a vehicle with a suspended license, MCL 257.904(3)(a), possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, possession of ammunition by a person convicted of a felony, MCL 750.224f(6), carrying a concealed weapon, MCL 750.227, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. These charges arose from the discovery of a gun during an inventory search performed after defendant was arrested and taken into custody for driving with a suspended license. Prior to trial, defendant moved to suppress this evidence of the gun and subsequent statements to police and to quash the information. The trial court agreed with defendant and granted both motions, holding that *Arizona v Gant*, 556 US 332; 129 S Ct 1710; 173 L Ed 2d 485 (2009), applies to inventory searches and invalidated this search, leading to dismissal of the case. The prosecutor argues that *Gant* is inapplicable to this case and that *South Dakota v Opperman*, 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976), controls. We agree.

An appellate court reviews a trial court's findings of fact in a suppression hearing for clear error, but the application of the underlying law is reviewed de novo as a legal determination. *People v Slaughter*, 489 Mich 302, 310; 803 NW2d 171 (2011), citing *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005). A finding is clearly erroneous if the appellate court is "left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011), citing *People v Burrell*, 417 Mich 439, 449; 339 NW2d 403 (1983).

-1-

An appellate court reviews a trial court's decision on a motion to quash the information for an abuse of discretion. *People v Miller*, 288 Mich App 207, 209; 795 NW2d 156 (2010), citing *People v Stone*, 463 Mich 558, 561; 621 NW2d 702 (2001). "To the extent that a lower court's decision on a motion to quash the information is based on an interpretation of the law, appellate review of the interpretation is de novo." *Id*. "The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012), citing *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008). An error of law is necessarily considered to be an abuse of discretion. *Waterstone*, 296 Mich App at 132, citing *People v Giovannini*, 271 Mich App 409, 417; 722 NW2d 237 (2006).

"The constitutionality of any search and seizure conducted by the police depends on an analysis of the Fourth Amendment of the United States Constitution and art 1, § 11 of the Michigan Constitution of 1963." *People v Toohey*, 438 Mich 265, 270; 475 NW2d 16 (1991). This requires the police to conduct any search or seizure in a reasonable manner, which generally requires the police to obtain a warrant supported by probable cause prior to conducting a search. *Id*. The United States Supreme Court has established a number of exceptions to the warrant requirement, including the search incident to arrest, automobile search and seizure, plain view, stop and frisk, and exigent circumstance exceptions. *Toohey*, 438 Mich at 271 n 4, citing *People v Blasius*, 435 Mich 573, 582; 459 NW2d 906 (1990). Another well-defined exception to the warrant requirement is the inventory search exception. *Toohey*, 438 Mich at 271; see also *Illinois v Lafayette*, 462 US 640, 643; 103 S Ct 2605; 77 L Ed 2d 65 (1983). The trial court acknowledged that this case involves an inventory search, as the police officers impounded and inventoried defendant's car pursuant to their own procedures. Therefore, the disposition of this case turns on whether the Supreme Court's decision in *Gant*, which specifically addressed the search incident to arrest exception, also applies to the inventory search exception described in *Opperman*, *Lafayette*, and *Toohey*.

In *Gant*, the police arrested the defendant for providing a false name during a traffic stop and placed him in the back of a patrol car. *Gant*, 556 US at 336. Once the defendant was handcuffed and secured, police conducted a search of his vehicle incident to the arrest and found a gun and a bag of cocaine. *Id*. The Court narrowed the permissible scope of the search incident to arrest exception and held that police may only search a vehicle incident to arrest under two specific circumstances: (1) when the arrestee is unsecured and within reaching distance of the vehicle's passenger compartment, and (2) when police reasonably believe that evidence related to the crime of arrest may be found in the vehicle. *Id*. at 343. The Court reasoned that narrowing the exception in this manner better served the interest of officer safety, which is the fundamental rationale of the search incident to arrest exception. *Gant*, 556 US at 338, 347-348; *Chimel v California*, 395 US 752, 763; 89 S Ct 2034; 23 L Ed 2d 685 (1969). See also *Lafayette*, 462 US at 644-645.

*Gant* did not apply to other exceptions to the warrant requirement. Instead, the Court recognized that "other established exceptions" existed which may "authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand." *Gant*, 556 US at 346. The Court stated that an otherwise unconstitutional search incident to arrest may be permissible if "another exception to the warrant requirement applies." *Id*. at 351. The Court

distinguished a search incident to arrest from these other exceptions because these other exceptions served different interests and purposes. *Id*. at 346-347.

One of these recognized exceptions to the warrant requirement is the inventory search exception. *Lafayette*, 462 US at 643. In *Opperman*, the United States Supreme Court held that inventory searches performed "pursuant to standard police procedures are reasonable" under the Fourth Amendment. *Opperman*, 428 US at 372. Police departments develop these procedures in response to "three distinct needs: the protection of the owner's property while it remains in police custody . . . the protection of the police against claims or disputes over lost or stolen property . . . and the protection of the police from potential danger . . . ." *Id*. at 369 (citations omitted). Therefore, the fundamental rationale of an inventory search is not only officer safety, but "routine administrative caretaking functions" that are noncriminal in nature. *Id*. at 370 n 5. To be constitutional, a search and seizure performed under the inventory exception only needs to be reasonable given all the facts and circumstances of the case. *Id*. at 373.

In another case, *Lafayette*, the Supreme Court explicitly distinguished the search incident to arrest exception from the inventory exception. In a search incident to arrest, an officer may "search the area within the arrestee's immediate control." *Lafayette*, 462 US at 644, citing *Chimel*, 395 US 752. This search is done to protect evidence in the possession of the arrestee and to protect the officer from danger posed by articles in the arrestee's possession. *Lafayette*, 462 US at 644-645, quoting *United States v Robinson*, 414 US 218, 235; 94 S Ct 467; 38 L Ed 2d 427 (1973). The probable cause of the arrest itself allows the police to conduct this type of search. *Lafayette*, 462 US at 465. An inventory search, however, is distinguishable from the search incident to arrest because it is an "incidental administrative step following arrest and preceding incarceration." *Id*. at 644. The inventory search is justified for this reason; it protects police from danger or liability and it promotes effective police order and administration. *Id*. at 646. The police may perform the inventory search "with or without probable cause." *Lafayette*, 462 US at 645, quoting *United States v Edwards*, 415 US 800, 804; 94 S Ct 1234; 39 L Ed 2d 771 (1974).

The seminal case in Michigan regarding inventory searches is *Toohey*, in which the Michigan Supreme Court held that impoundment and inventory searches are constitutionally valid if "the police act[] in accordance with established departmental procedures." *Toohey*, 438 Mich at 267. In *Toohey*, the defendant was arrested for operating a vehicle under the influence of liquor. *Id*. at 268. Police decided to impound the vehicle after they determined that the other passenger of the vehicle was also too intoxicated to legally drive. *Id*. The police also denied the defendant's request to call his wife to pick up the car. *Id*. After the police impounded the car, the police conducted an inventory search and discovered cocaine in the car. *Id*.

The Court held that the inventory search was reasonable because the police conducted it pursuant to standardized procedures that properly fulfilled the police's caretaking function. *Id*. at 275-276. The Court reasoned that an inventory search is an administrative function, not part of a criminal investigation for which probable cause is necessary. *Id*. at 272. The police are not required to use the least intrusive means to accomplish the inventory search so long as the search is still reasonable under the Fourth Amendment. *Toohey*, 438 Mich at 274, citing *Cady v Dombrowski*, 413 US 433, 447; 93 S Ct 2523; 37 L Ed 2d 706 (1973).

Precedent from this Court also supports this contention that a search incident to arrest is legally distinct from other exceptions to the warrant requirement. In *People v Mead*, 320 Mich App 613; 908 NW2d 555 (2017), this Court analyzed the search incident to arrest exception separate from the inventory search exception in determining whether a particular search of a defendant was constitutional. *Mead*, 320 Mich App at 623-626. In *Mead*, this Court analyzed each exception separately and only applied *Gant* to the search incident to arrest exception. *Id*.

Finally, United States Courts of Appeals agree that the search incident to arrest exception is distinct from other Fourth Amendment exceptions. While these cases are not binding, their conclusions and rationale can be persuasive. *People v Campbell*, 289 Mich App 533, 535; 798 NW2d 514 (2010). The Seventh Circuit has held that *Gant*'s restrictions do not apply to the automobile exception. *United States v Nicksion*, 628 F3d 368, 377 (CA 7, 2010). Additionally, the Eighth Circuit has repeatedly held that "*Gant* does not apply to an inventory search." *United States v Arrocha*, 713 F3d 1159, 1164 n 2 (CA 8, 2013), citing *United States v Frasher*, 632 F3d 450, 455 (CA 8, 2011).

The decisions in *Opperman*, *Lafayette*, and *Toohey*, combined with the language in *Gant* and other precedential and persuasive cases, show that, as a matter of law, inventory searches are legally distinct from searches incident to arrest. It is clear that the trial court erred in its determination that *Gant* overruled *Opperman* and applied to inventory searches as well as searches incident to arrest. These cases address separate, distinct exceptions to the warrant requirement that have separate, distinct foundations and serve separate, distinct purposes. The test for one exception does not apply to the other. Evidence collected during the search should not have been suppressed under the trial court's legal reliance on *Gant*. As the court applied the same erroneous legal reasoning to the motion to quash, the trial court also abused its discretion in granting defendant's motion to quash.

Defendant contends that, in the event that this court disagrees with the trial court's interpretation of *Gant*, this Court should remand the case for a determination of whether the impoundment and inventory search was reasonable. Both defendant and the prosecutor agree that the trial court never made a determination as to whether the inventory search was reasonable outside of *Gant*. We agree that, because reasonableness is a fact-specific inquiry necessary for every inventory search, a remand to the trial court is necessary for a reasonableness determination.

Reasonableness is "measured by examining the totality of the circumstances," and is a "fact intensive inquiry that does not lend itself to resolution through the application of bright-line rules." *Williams*, 472 Mich at 314, citing *Ohio v Robinette*, 519 US 33, 39; 117 S Ct 417; 136 L Ed 2d 347 (1996). In examining the reasonableness of a search, a trial court must analyze whether the "search [was] conducted reasonably [and] in good faith." *Mead*, 320 Mich App at 626, citing *Colorado v Bertine*, 479 US 367, 374; 107 S Ct 738; 93 L Ed 2d 739 (1987). The search must also be conducted "pursuant to standardized police procedures 'designed to produce an inventory,' including procedures that 'regulate the opening of containers found during inventory searches.' " *Mead*, 320 Mich App at 626, citing *Florida v Wells*, 495 US 1, 4; 110 S Ct 1632; 109 L Ed 2d 1 (1990). Even after *Gant*, police and other individuals responsible for "community caretaking" are still not required to use the "least intrusive means" available to them under the circumstances. *Slaughter*, 489 Mich at 321, citing *Cady*, 413 US 447. Police are not

required to be "perfect" in executing an inventory search; rather the police's actions must simply be reasonable under the totality of all the circumstances. *Slaughter*, 489 Mich at 321.

The trial court, sitting as the finder of fact in a suppression hearing, is required to make a determination on the reasonableness of a search. See *Williams*, 472 Mich at 313-314. In this instance, the trial court made no such determination. While the prosecution suggests that the trial court's comments indicate approval of the police officers' actions outside of *Gant*, a trial court's comments on reasonableness are not sufficient to satisfy the reasonableness requirement. The trial court must use the test set forth in *Mead* and *Slaughter* to make a determination of reasonableness under all the facts and circumstances of the case.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ David H. Sawyer
/s/ Jane E. Markey