*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANTHONY JOHN CAROLLO,

      Defendant-Appellant.

UNPUBLISHED
December 15, 2022

No. 360716
Mackinac Circuit Court
LC No. 21-004247-FH

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

The Mackinac County Prosecutor charged defendant with forging a registration plate purporting to have been issued by the Department of State, MCL 257.257(1)(b). In this interlocutory appeal, defendant appeals by leave granted the circuit court order denying his motion to quash on the basis of improper venue in Mackinac County. For the reasons set forth in this opinion, venue was not proper in Mackinac County. Accordingly, we reverse the circuit court's order denying defendant's motion to quash and remand the matter to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

For purposes of this appeal, most of the facts of this case are not in dispute. Michigan State Police Motor Carrier Officer Geoffrey Guthrie observed a southbound Lipari Foods commercial semitrailer approaching the toll plaza for the Mackinac Bridge using the wrong lane, which meant that the weight-in-motion sensors in the roadway would not register the vehicle's weight. Officer Guthrie pulled the vehicle over after it passed through the toll booth. As the vehicle pulled over, Officer Guthrie noticed that the trailer's registration plate did not appear "to be correct." Officer Guthrie spoke with defendant, who is Lipari Foods' safety and compliance officer, by phone during the traffic stop. Defendant told Officer Guthrie that the trailer's permanent registration plate had been either lost or stolen. Defendant eventually told Officer Guthrie that he used his computer to create a paper plate that closely matched the size, shape, font, "and everything about a Michigan permanent trailer plate" and that he "printed it off so that the trailer could continue in

service without being stopped by law enforcement." Defendant placed the printed registration plate on the trailer.

Defendant argued in district court that Mackinac County was not a proper venue because the act prohibited by MCL 257.257(1)(b) was the creation of the forged registration plate, not the use of the forged registration plate. The district court believed that venue was appropriate "either in the county where [the forgery] occurred or the county where it was discovered." Curiously, the district court did not address the issue. Rather, the district court stated it would leave it to the attorneys to raise the issue of venue in circuit court.

Following bind over, defendant argued that MCL 257.257(1)(b) prohibits the act of forging a registration plate, adding, that crime occurred when defendant printed the forged registration plate and affixed it to the trailer in Macomb County. He argued that "purporting" is not a separate criminal act under the statute and that there was no venue rule within the statute allowing for him to be charged in the county where the plate was used. The prosecutor argued that a violation under MCL 257.257(1)(b) in this case consisted of two acts, those being (1) creating the forgery and (2) purporting the forgery as a valid registration plate. The prosecutor argued that defendant was "purporting" when he put the forged registration plate on the trailer and the trailer set out on the roadways and that the "purporting" was an ongoing act as long as the forged registration plate was attached to the trailer.

The circuit court sided with the prosecution, finding that defendant forged a registration plate when he created the paper license plate using a computer and attached it to a semitrailer that was used to ship goods within the state and that the fake plate was created in Macomb County. With respect to venue, the circuit court found that " 'purporting' is a verb" and that "[o]nce the fake plate was placed on the truck, it was an ongoing act to give the appearance of being issued by the Secretary of State." For that reason, the circuit court found that venue was proper in Mackinac County, and denied defendant's motion to quash. Defendant thereafter filed a motion for interlocutory appeal which was granted by this Court.

## II. ANALYSIS

" 'A trial court's determination regarding the existence of venue in a criminal prosecution is reviewed de novo.' " *People v Boshell*, 337 Mich App 322, 339; 975 NW2d 72 (2021), quoting *People v Houthoofd*, 487 Mich 568, 579; 790 NW2d 315 (2010). To the extent that a lower court's decision on a motion to quash an information is based upon interpretation of the law, this Court reviews the decision de novo. *People v Simon*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 354013); slip op at 5. This Court reviews the trial court's decision on a motion to quash for an abuse of discretion. *People v Miller*, 288 Mich App 207, 209; 795 NW2d 156 (2010). "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010) (quotation marks and citation omitted).

The issue in this case is one of law involving the interpretation of MCL 257.257(1)(b). When interpreting a statute, the primary goal is to determine and give effect to the intent of the Legislature by first looking to the language of the statute. *People v Morrison*, 328 Mich App 647, 651; 939 NW2d 728 (2019). If the statutory language is plain and unambiguous, the legislative

-2-

intent is clearly expressed, and judicial construction is neither permitted nor required. *People v Costner*, 309 Mich App 220, 224; 870 NW2d 582 (2015). When interpreting a statute, the appellate court must give effect to every word, phrase, and clause and not render any part of the statute surplusage or nugatory. *People v Rea*, 500 Mich 422, 427-428; 902 NW2d 362 (2017). "When a word or phrase is not defined by the statute in question, it is appropriate to consult dictionary definitions to determine the plain and ordinary meaning of the word or phrase." *Id*. at 428. "Criminal statutes are to be strictly construed," and cannot be extended beyond the clear and obvious import of their language. *People v Jahner*, 433 Mich 490, 498; 446 NW2d 151 (1989).

"Venue is a part of every criminal prosecution and must be proved by the prosecutor beyond a reasonable doubt." *People v McBurrows*, 322 Mich App 404, 411; 913 NW2d 342 (2017), aff'd 504 Mich 308 (2019) (quotation marks and citation omitted). As a general rule, a defendant must be tried in the county where the crime is committed. MCL 600.8312; *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008). Accordingly, to determine the county in which venue is proper, it is necessary to determine the county where the offense was committed. This determination in turn requires an examination of the statute the defendant was charged with violating.

Defendant was charged with violating MCL 257.257(1)(b), which provides:

> A person who commits any of the following acts is guilty of a felony:
>
> * * *
>
> (b) Forges or counterfeits a certificate of title, registration certificate, or registration plate purporting to have been issued by the department.

As applied to the facts of this case, the plain language of MCL 257.257(1)(b) indicates that defendant violated the statute if he forged a registration plate purporting to be issued by the Department. Although the term "forges" is not defined in the Michigan Vehicle Code, for purposes of this interlocutory appeal there is no dispute that defendant forged a registration plate.

Instead, the issue presented here revolves around the meaning of the word "purporting" as in the clause "purporting to have been issued by the department." The Michigan Vehicle Code does not define the word "purporting." The word "purport" is a transitive verb meaning "1. to have the often specious appearance of being, intending, or claiming (something implied or inferred) . . . . 2. INTEND, PURPOSE." *Merriam-Webster's Collegiate Dictionary* (11th ed.). "Purporting" is the present participle of the word "purport." See <https://www.collinsdictionary.com/conjugation/english/purport> (accessed December 6, 2022). A participle is "[a] word that *may stand alone as an adjective* or may be combined with helping (auxiliary) verbs to form different tenses." Sabin, *The Gregg Reference Manual* (10th ed) (New York: McGraw-Hill, 2005), p 640 (emphasis added). "When a participle functions as an *adjective*, it modifies a noun or a pronoun." *Id*. The word "purporting" as used in MCL 257.257(1)(b) is not a verb but is instead a participial adjective that modifies the nouns "certificate of title, registration certificate, or registration plate." See Purdue University, Purdue Online Writing Lab (OWL), Participles <https://owl.purdue.edu/owl/general_writing/mechanics/gerunds_participles_and_infinitives/participles.html> (accessed December 6, 2022). Accordingly, the clause "purporting to

have been issued by the department" serves to modify, and identify the operative characteristic of, the certificate of title, registration certificate, or registration plate that has been forged or counterfeited.[1]

Applying the above principles, as pertinent to this case, subdivision 257(1)(b) criminalizes the act of *forging* a registration plate that appears to have been issued by the Department. The criminal act is forging a certificate of title, registration certificate, or registration plate that has this defining characteristic. The acts of *using or affixing* the forged plate is not a violation within the plain language of subdivision 257(1)(b). This interpretation of subdivision 257(1)(b) is supported by the language of subdivision 257(1)(d), which criminalizes the acts of holding or using a certificate of title, registration certificate, or registration plate knowing that that it has been altered, forged, or falsified. MCL 257.257(1)(d). The circuit court erred by finding that the word "purporting" was used by the Legislature to mean an ongoing "act." The circuit court erroneously interpreted subdivision 257(1)(b) to criminalize the ongoing use of the forged registration plate in any county the trailer passed through.

For our purposes, there is no dispute that defendant's act of forging the registration plate appearing to have been issued by the Department occurred in Macomb County. Thus, for venue to be proper in Mackinac County, a statutory exception must apply. See *McBurrows*, 322 Mich App at 414. In opposing defendant's motion to quash the charges on account of lack of venue, the prosecution relied on MCL 762.8.

MCL 762.8 provides that "[w]henever a felony consists or is the culmination of 2 or more acts done in the perpetration of that felony, the felony may be prosecuted in any county where any of those acts were committed or in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect." There are two aspects to this statute, both of which apply only when a felony consists or is the culmination of two or more acts: (1) "venue for prosecution of the felony is proper in any county in which any one of the acts was committed," and (2) venue is proper "in any county that the defendant intended the felony or acts done in

---

[1] MCL 257.257(1)(a) criminalizes the act of "alter[ing] with fraudulent intent a certificate of title, registration certificate, or registration plate *issued by the department*" (emphasis added). Because the offense prohibits alteration of an existing certificate of title, registration certificate, or registration plate, the Legislature used the italicized language above. MCL 257.257(1)(b) criminalizes the *creation* of a forged certificate of title, registration certificate, or registration plate, as opposed to alteration, and so the Legislature used the language "purporting to have been issued by the department." The prosecution's argument that the language "purporting to have been issued by the department" is superfluous because the act of forging a certificate of title, registration certificate, or registration plate necessitates that it appear to have been issued by the Department does not take into account that under subdivision 257(1)(a) the act of altering a certificate of title, registration certificate, or registration plate similarly necessitates that the certificate of title, registration certificate, or registration plate be issued by the Department, and yet the subdivision includes the language "issued by the department."

-4-

perpetration of the felony to have an effect."[2] *McBurrows*, 322 Mich App at 415 (quotation marks, citations, and emphasis omitted).[3]

The prosecution argued in the trial court that MCL 257.257(1)(b) identified two criminal acts: (1) the act of forging a certificate of title, registration certificate, or registration plate, and (2) the act of presenting the forged certificate of title, registration certificate, or registration plate as having been issued by the Department. However, as noted above, subdivision 257(1)(b) criminalizes the act of forging a certificate of title, registration certificate, or registration plate appearing to have been issued by the Department. The criminal act is making a certificate of title, registration certificate, or registration plate that has this defining characteristic. The act was complete in Macomb County. Defendant's felony was not the culmination of two or more acts that took place in different counties.

The prosecution further argues that if the circuit court erroneously interpreted MCL 257.257(1)(b), the error was harmless because venue is proper under MCL 257.257(1)(d). However, the prosecution did not charge defendant under subdivision 257(1)(d). The prosecution argues that this Court could simply remand the case to circuit court and order that "the language in the Defendant's Information should be amended to that of subsection [(1)](d) in MCL 257.257 to cure the defect." But the discretion on what charge or charges should be brought in this case belongs with the prosecutor in the county where charges are properly filed.

In sum, we conclude that the circuit court erroneously interpreted MCL 257.257(1)(b) and erred by ruling that venue was proper in Mackinac County. The court abused its discretion by denying defendant's motion to quash.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

---

[2] The prosecution did not argue in the circuit court that venue was proper in Mackinac County because defendant intended the felony or the acts done in perpetration of the felony to have an effect in Mackinac County. Although the prosecution raises this argument on appeal, the argument is misplaced as a violation of MCL 257.257(1)(b) does not involve two or more acts.

[3] The Supreme Court in *Houthoofd*, 487 Mich at 583-584, held that the version of MCL 762.8 in effect at that time did not contemplate venue for prosecution in places where the effects of the act were felt. After that decision, the Legislature amended MCL 762.8 to include the phrase "or in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect." 2013 PA 128; see also *McBurrows*, 322 Mich App at 415.