597 N.W.2d 836 (1999)
461 Mich. 851
In the Matter of Nathaniel Jamar ABRAHAM, Minor.
People of the State of Michigan, Plaintiff-Appellee,
v.
Nathaniel Jamar Abraham, Defendant-Appellant.
No. 114488, COA No. 212099.
Supreme Court of Michigan.
July 30, 1999.
On order of the Court, the application for leave to appeal from the March 30, 1999 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the proceedings ordered by the Court of Appeals and any further subsequent review by the Court of Appeals.
CAVANAGH, J., dissents and states as follows:
This case, I believe, is the first example of the emerging trend of charging very young children as adults. Defendant herein was eleven years old at the relevant time. He was charged with first-degree murder, automatic waiver, as an adult.
The police picked him up at school and stopped by his house to have his mother follow them to the station. The officers read the Miranda form to both of them, and got both their signatures. It was quite some time later (after they got the statement) before they told anyone this was a murder investigation. After waiving his Miranda rights, the defendant eventually gave police an inculpatory statement.
Defendant's psychological reports (done at the court's request) say he has an intellectual range of six to eight years old, and an overall IQ of 78. In other words, he was a very slow, eleven-year-old child functioning at a level considerably below his age.
The trial court, a judge with a wealth of experience in juvenile matters, found that defendant did not understand his rights or their waiver. The court followed the fairly longstanding test of People v. Good, 186 Mich.App. 180, 463 N.W.2d 213 (1990), which was not appealed here, but has been followed below repeatedly. Apparently, this test has not before, at least in a reported case, resulted in suppression, but it did here. The Court of Appeals, however, reversed, and did not even cite or mention Good. I am persuaded that the Court of Appeals dissent got it right.
There are a lot of questions worthy of a grant here. The dissenting Court of Appeals judge was right in that the credibility should matter here, in that part of any assessment of whether someone understood his rights would be an assessment of both his answers to questions regarding what he thought his rights meant and a view of the truthfulness of such answers. Likewise, even the credibility of the mother and the officers would likely come into play (though the officers are not alleged to have done anything wrong here). The standard of review is unclear in this area, but I don't think that justifies the very de novo review the Court of Appeals performed in reversing this judgment call by a veteran, well-respected trial judge.
It should be borne in mind that defendant will, even if this confession is suppressed, still be facing adult first-degree murder charges. That decision is left to the prosecutor. But, at least if this statement is suppressed, he won't be saddled with bearing the weight of a statement made upon his waiving of rights when the trial court found he understood neither the rights nor the effect of waiving them. For these reasons, I would peremptorily reverse and remand to the trial court, or, in the alternative, I would grant leave.
*837 MARILYN J. KELLY, J., concurs in the dissenting statement of MICHAEL F. CAVANAGH, J.