# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MICHAEL LAMAR PATRICK,

       Defendant-Appellant.

UNPUBLISHED
May 26, 2016

No. 326351
Oakland Circuit Court
LC No. 2014-249081-FC

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of armed robbery, MCL 750.529. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 25 to 40 years' imprisonment. We affirm.

This case arises from the armed robbery of Derron White and April Burmeister. The three men involved in the robbery were identified as defendant, defendant's brother Stephon Patrick, and Benjamin Ghee. According to the complainants' testimony, defendant's brother physically shoved Burmeister while pulling a handgun out of his pocket. Ghee restrained Burmeister while defendant's brother held White at gunpoint and ordered him to drop the items in his hand. White testified that after he dropped the items on the ground, defendant said, "that's not all," prompting his brother to search his pockets again. Defendant picked up the items and put them in his pockets while his brother took White's driver's license and money. All three men then fled the scene on foot. When defendant was apprehended, he had the items stolen from White, including a prescription and money.

On appeal, defendant argues that there is insufficient evidence to convict him of armed robbery on an aiding and abetting theory.[1] We disagree.

---

[1] A defendant's challenge to the sufficiency of the evidence is reviewed de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). We review the evidence in the light most favorable to the prosecutor to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010).

One who procures, counsels, aids, or abets in the commission of an offense may be convicted and punished as if he directly committed the offense. MCL 767.39; *People v Robinson*, 475 Mich 1, 5-6; 715 NW2d 44 (2006). Aiding and abetting is not a separate offense; rather, it is a theory of prosecution that imposes vicarious liability. *Id*. at 6.

To establish that a defendant aided and abetted a crime, the prosecutor must show that: "(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [he] gave aid and encouragement." *People v Plunkett*, 485 Mich 50, 61; 780 NW2d 280 (2010) (internal quotation omitted). "An aider and abettor's state of mind may be inferred from all the facts and circumstances." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (internal quotation omitted). Circumstantial evidence and reasonable inferences arising from that evidence is sufficient proof for the elements of a crime. See *id*. at 758. Factors that may be considered include a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime. *Id*.

Here, the first element of aiding and abetting is met because sufficient evidence was presented at trial to establish that an armed robbery was committed. See *Plunkett*, 485 Mich at 61. In order to obtain a conviction for armed robbery, a prosecutor must show that: "(1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon." *People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007). MCL 750.530(2) defines "in the course of committing a larceny" to include "acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." In this case there was ample evidence that an armed robbery occurred. Specifically, defendant's brother and Ghee held Burmeister and White against their will while taking their money and property. Defendant's brother and Ghee used force and violence against Burmeister and White: defendant's brother shoved Burmeister and pressed a handgun against White's temple, and Ghee verbally threatened Burmeister and physically restrained her. Both complainants testified that they feared for their lives. Finally, defendant's brother had a handgun, which he used as a dangerous weapon. Given this evidence, the prosecution presented sufficient evidence at trial to establish the elements of armed robbery, which also establishes the first element of aiding and abetting.

The second element of aiding and abetting is also met given the evidence that defendant performed acts or gave encouragement that assisted in the commission of the armed robberies. See *Plunkett*, 485 Mich at 61. Defendant reminds us that mere presence is not enough to find someone aided and abetted a crime, even with knowledge that an offense is about to be committed or is being committed. *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999). However, the evidence demonstrated far more than mere presence. Although defendant was not the individual in possession of a dangerous weapon, and did not personally use force or

violence against either Burmeister or White, he assisted and encouraged his brother and Ghee during the commission of the crime. He also aided in the execution of the armed robbery when he served as a lookout,[2] picked the stolen items up, and fled after the crime. When taken together, the evidence is sufficient to support a finding that defendant performed acts, encouraged, and assisted in the armed robbery. Moreover, there is evidence that defendant helped and encouraged his brother and Ghee. Specifically, White testified that after he dropped the items on the ground, defendant said, "that's not all," prompting defendant's brother to search his pockets again.[3]

Finally, the third element of aiding and abetting was met because there was sufficient evidence to show defendant intended the armed robbery or had knowledge of it as the crime occurred. See *Plunkett*, 485 Mich at 61. Defendant's statement prompting his brother to search White's pocket again and his continued presence during the incident demonstrates his knowledge that his brother and Ghee intended to carry out an armed robbery of White and Burmeister. Moreover, defendant was in close proximity while the assault occurred, did nothing to stop his brother or Ghee, and did not attempt to contact the police. Thus, an inference may be drawn that defendant intended that the armed robbery occur. Additionally, the fact that defendant picked up the prescription and money off the ground establishes intent to permanently deprive the victims of their property and intent to assist in the armed robbery. On this record, the prosecution presented sufficient evidence for a rational trier of fact to find that defendant aided and abetted in the armed robberies of White and Burmeister.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[2] Burmeister testified that defendant told his brother and Ghee that there were vehicles approaching and people were coming out of their houses.

[3] Although Burmeister testified that defendant said, "no, no, don't do this," before he picked up the items, "conflicts in the evidence must be resolved by the trier of fact[.]" See *People v Stone,* 463 Mich 558, 567; 621 NW2d 702 (2001).