# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

SBC HEALTH MIDWEST, INC v CITY OF KENTWOOD

Docket No. 151524. Argued October 6, 2016 (Calendar No. 5). Decided May 1, 2017.

SBC Health Midwest, Inc., challenged the city of Kentwood's denial of its request for a personal property tax exemption in the Tax Tribunal. SBC Health, a Delaware for-profit corporation, had requested a tax exemption under MCL 211.9(1)(a) from Kentwood for personal property used to operate the Sanford-Brown College Grand Rapids. The tribunal, Steven H. Lasher, J., determined that the exemption provided by MCL 211.9(1)(a) applied only to nonprofit educational institutions. SBC Health appealed. The Court of Appeals, MURPHY, P.J., and METER and SERVITTO, JJ., reversed the tribunal in an unpublished per curiam opinion, issued March 19, 2015. The Court reasoned that the unambiguous language of MCL 211.9(1)(a) provides a tax exemption for the personal property of an educational institution operated in Michigan regardless of its for-profit status. The Court of Appeals remanded the case to the tribunal to determine whether SBC Health qualified for the exemption in MCL 211.9(1)(a). The Supreme Court granted Kentwood's application for leave to appeal the Court of Appeals' decision. 498 Mich 956 (2015).

In a unanimous opinion by Justice ZAHRA, the Supreme Court *held*:

The General Property Tax Act, MCL 211.1 *et seq.*, mandates that all real and personal property in Michigan be subject to taxation unless expressly exempted. The plain and unambiguous language of MCL 211.9(1)(a) exempts from taxation the personal property of charitable, educational, and scientific institutions. The Tax Tribunal erred by concluding that MCL 211.7n, a statute specifically exempting from taxation the real or personal property owned and occupied by nonprofit educational institutions, controls over the more general statute, MCL 211.9(1)(a), which authorizes a tax exemption for educational institutions without regard to the institution's nonprofit or for-profit status. The rules of statutory interpretation require that statutory language be examined for legislative intent. MCL 211.7n exemplifies the Legislature's intent to limit the content of that statute to nonprofit institutions. In contrast, the Legislature omitted any requirement that the institutions referred to in MCL 211.9(1)(a) be nonprofit institutions. The absence of that requirement is presumed to be intentional. Reading the two statutes together and recognizing that each addresses a tax exemption for an educational institution's personal property means only that a nonprofit educational institution has two paths to tax exemption, while a for-profit educational institution is limited to the path in MCL 211.9(1)(a). The nonprofit requirement in MCL 211.7n does not negate a for-profit

educational institution like SBC Health from pursuing an exemption under MCL 211.9(1)(a). Further, the tax exemption available under MCL 211.9(1)(a) does not conflict with the constitutional mandate that nonprofit educational organizations be exempt from real and personal property taxes. The constitutional mandate guarantees tax exemption for nonprofit educational institutions. It does not prevent the Legislature from passing laws that provide tax benefits for other organizations. The tax exemption outlined in the unambiguous language in MCL 211.9(1)(a) applies to all educational institutions, for-profit or nonprofit, that meet the requirements specified in MCL 211.9(1)(a).

Affirmed and remanded to the Tax Tribunal to determine whether SBC Health satisfies the requirements of MCL 211.9(1)(a), which would entitle it to the tax exemption it seeks.

©2017 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

FILED May 1, 2017

S T A T E   O F   M I C H I G A N

SUPREME COURT

SBC HEALTH MIDWEST, INC.,

       Petitioner-Appellee,

v

No. 151524

CITY OF KENTWOOD,

       Respondent-Appellant.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

Petitioner, SBC Health Midwest, Inc., is a Delaware for-profit corporation that operated a college. Petitioner requested a tax exemption under MCL 211.9(1)(a) for personal property used to operate the college. Respondent, the city of Kentwood, denied the exemption. Petitioner appealed in the Tax Tribunal, which also rejected the claim of exemption. The tribunal concluded that MCL 211.9(1)(a) only provides an exemption to nonprofit educational organizations. Undeterred by repeated rejection, petitioner appealed in the Court of Appeals, which reversed the Tax Tribunal. We granted leave to

address whether the personal property tax exemptions set forth under MCL 211.9(1)(a) are available to for-profit educational institutions. We hold that the text of MCL 211.9(1)(a) plainly exempts from taxation "[t]he personal property of charitable, educational, and scientific institutions incorporated under the laws of this state."[1] Nothing in this language requires that an educational institution demonstrate nonprofit status to claim the exemption. We decline to import a nonprofit requirement into MCL 211.9(1)(a), because it would contravene a well-established rule of statutory construction preventing this Court from reading into a statute words that the Legislature has not included.[2] The judgment of the Court of Appeals is affirmed.

## I. FACTS AND PROCEEDINGS

The facts of this case are simple and uncontroverted. Petitioner operated Sanford-Brown College Grand Rapids. Notwithstanding its name, this educational institution was actually operated in respondent, the city of Kentwood. Respondent assessed the personal property at the school pursuant to MCL 211.1.[3] Petitioner requested a personal property

---

[1] The parties agreed in the lower courts that the incorporated-in-this-state requirement did not apply. The requirement that to be tax exempt an institution must be incorporated within the state has been found unconstitutional. See *American Youth Foundation v Benona Twp*, 37 Mich App 722, 724; 195 NW2d 304 (1972), citing *WHYY v Glassboro*, 393 US 117; 89 S Ct 286; 21 L Ed 2d 242 (1968).

[2] *Byker v Mannes*, 465 Mich 637, 646-647; 641 NW2d 210 (2002).

[3] MCL 211.1 provides "[t]hat all property, real and personal, within the jurisdiction of this state, not expressly exempted, shall be subject to taxation."

tax exemption under MCL 211.9(1)(a)[4] for the tax years 2011 through 2013.  Respondent denied the tax exemption.

Petitioner challenged respondent's denial of the tax exemption before the Tax Tribunal, maintaining that the property was exempt under MCL 211.9(1)(a) because it was the personal property of an educational institution.  Respondent answered that granting a tax exemption to a for-profit corporation under MCL 211.9(1)(a) would conflict with the remainder of the statutory scheme regarding other tax exemptions for educational institutions, most notably MCL 211.7n, which provides an exemption for real or personal property owned and occupied by a nonprofit educational institution.[5] Respondent also claimed that its narrow interpretation of MCL 211.9(1)(a) is supported by the Michigan Constitution, which expressly authorizes a tax exemption for nonprofit educational organizations.[6]

---

[4] MCL 211.9(1)(a) exempts from taxation "[t]he personal property of charitable, educational, and scientific institutions incorporated under the laws of this state."

[5] MCL 211.7n provides:

> Real estate or personal property owned and occupied by nonprofit theater, library, educational, or scientific institutions incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which the institutions were incorporated is exempt from taxation under this act.  In addition, real estate or personal property owned and occupied by a nonprofit organization organized under the laws of this state devoted exclusively to fostering the development of literature, music, painting, or sculpture which substantially enhances the cultural environment of a community as a whole, is available to the general public on a regular basis, and is occupied by it solely for the purposes for which the organization was incorporated is exempt from taxation under this act.

[6] Const 1963, art 9, § 4 provides that "[p]roperty owned and occupied by non-profit

3

The Tax Tribunal agreed with respondent, relying on the *in pari materia* canon of statutory construction. More specifically, the tribunal determined that when the two statutes are read together, the most recent and specific statute—that is, MCL 211.7n— must prevail if there is any conflict between the two statutes. The tribunal concluded that because MCL 211.7n provides a tax exemption only for real estate and personal property owned and occupied by *nonprofit* institutions, petitioner was not entitled to an exemption under the more general provisions of MCL 211.9(1)(a).

In an unpublished per curiam opinion, the Court of Appeals reversed the Tax Tribunal. Pertinent to the issue before this Court, the Court of Appeals panel held that when applying the unambiguous language of MCL 211.9(1)(a), the personal property of an educational institution operated in this state is exempted from taxation.[7] The panel remanded the case to the Tax Tribunal to consider whether petitioner met the criteria for exemption under MCL 211.9(1)(a), regardless of its for-profit status; we granted respondent's application for leave to appeal.[8]

## II. STANDARD OF REVIEW

Absent a claim of fraud, this Court reviews decisions from the Tax Tribunal for the misapplication of law or the adoption of a wrong legal principle.[9] "We deem the

---

religious or educational organizations and used exclusively for religious or educational purposes, as defined by law, shall be exempt from real and personal property taxes."

[7] *SBC Health Midwest, Inc v City of Kentwood*, unpublished per curiam opinion of the Court of Appeals, issued March 19, 2015 (Docket No. 319428), p 3.

[8] *SBC Health Midwest, Inc v City of Kentwood*, 498 Mich 956 (2015).

[9] *Wexford Med Group v City of Cadillac*, 474 Mich 192, 201; 713 NW2d 734 (2006).

4

tribunal's factual findings conclusive if they are supported by 'competent, material, and substantial evidence on the whole record.' "[10]  This Court reviews de novo the tribunal's interpretation of a tax statute.[11]  "When interpreting statutory language, our obligation is to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute."[12]  "This requires us to consider the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme."[13]  This Court, as with all other courts, must give effect to every word, phrase, and clause in a statute, to avoid rendering any part of the statute nugatory or surplusage.[14]  Though this Court will generally "defer to the Tax Tribunal's interpretation of a statute that it is delegated to administer," that deference will not extend to cases in which the tribunal makes a legal error.[15]  Thus, agency interpretations are entitled to "respectful consideration" but cannot control in the face of contradictory statutory text.[16]

---

[10] *Id*., quoting *Mich Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994), citing Const 1963, art 6, § 28.

[11] *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010).

[12] *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

[13] *Andrie Inc v Dep't of Treasury*, 496 Mich 161, 167; 853 NW2d 310 (2014) (quotation marks and citation omitted).

[14] *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).

[15] *Wexford Med Group*, 474 Mich at 221 (quotation marks and citation omitted).

[16] *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008).

## III. ANALYSIS

Under the General Property Tax Act,[17] "all property, real and personal, within the jurisdiction of this state, not expressly exempted, shall be subject to taxation."[18] This Court has historically required that tax exemptions be narrowly or strictly construed in favor of the government.[19] Yet at the same time, we have held that this requirement does not permit a "strained construction" that is contrary to the Legislature's intent.[20]

Petitioner sought its tax exemption under MCL 211.9(1)(a), which provides:

> *The following personal property*, and real property described in subdivision (j)(*i*), *is exempt from taxation*:
>
> (a) *The personal property of charitable, educational, and scientific institutions incorporated under the laws of this state.*[21]

When construing a statute, courts are to effect the intent of the Legislature.[22] To do so, we begin with an examination of the language of the statute.

> If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). A necessary corollary of these principles is that a court may read nothing into an

---

[17] MCL 211.1 *et seq*.

[18] MCL 211.1.

[19] *Liberty Hill Housing Corp v City of Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008); *Mich Baptist Homes & Dev Co v City of Ann Arbor*, 396 Mich 660, 670; 242 NW2d 749 (1976).

[20] *Mich United Conservation Clubs v Lansing Twp*, 423 Mich 661, 664-665; 378 NW2d 737 (1985).

[21] Emphasis added.

[22] *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. *Omne Financial, Inc v Shacks, Inc*, 460 Mich 305, 311; 596 NW2d 591 (1999).[23]

MCL 211.9(1)(a) is unambiguous. This statute allows the exemption of personal property from taxes imposed on institutions that are educational in nature.

Conspicuously absent from the statute is any language indicating that the tax exemption applies only to nonprofit entities. "We do not read requirements into a statute where none appear in the plain language and the statute is unambiguous. 'It is not within the province of this Court to read therein a mandate that the [L]egislature has not seen fit to incorporate.' "[24] Further, the Legislature knows how to require that an institution be a nonprofit for an exemption to apply, as evidenced by the express imposition of that requirement in MCL 211.7n and in other portions of MCL 211.9(1)(a).[25] We must presume that the Legislature's failure to limit the tax exemption found in MCL 211.9(1)(a) to nonprofit educational institutions was intentional. Therefore, we will not write a nonprofit requirement into the applicable portion of MCL 211.9(1)(a).

---

[23] *Id*.

[24] *People v Feeley*, 499 Mich 429, 439; ___ NW2d ___ (2016) (citation omitted), quoting *Jones v Grand Ledge Pub Sch*, 349 Mich 1, 11; 84 NW2d 327 (1957).

[25] MCL 211.9(1)(a) continues:

> "This exemption does not apply to secret or fraternal societies, but the personal property of all charitable homes of secret or fraternal societies and *nonprofit* corporations that own and operate facilities for the aged and chronically ill in which the net income from the operation of the *nonprofit* corporations or secret or fraternal societies does not inure to the benefit of a person other than the residents is exempt." [Emphasis added.]

We are guided by the plain language of the statute and find no merit in the arguments asserted by respondent that would have us import a nonprofit requirement into this statutory tax exemption. Contrary to respondent's claim, use of the *in pari materia* canon of construction does not aid respondent's cause.[26] Specifically, respondent claims that the nonprofit requirement of MCL 211.7n can be imported into MCL 211.9(1)(a) when MCL 211.9(1)(a) is read *in pari materia* with MCL 211.7n. MCL 211.7n provides, in pertinent part:

> Real estate or personal property owned and occupied by nonprofit theater, library, educational, or scientific institutions incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which the institutions were incorporated is exempt from taxation under this act.

We agree that, in evaluating petitioner's claim for an exemption under MCL 211.9(1)(a), it is proper to consider MCL 211.7n, given that both statutory provisions address whether and to what extent the personal property of an educational institution is exempt from taxation. We disagree, however, that MCL 211.7n somehow

---

[26] Although the Court of Appeals properly reversed the Tax Tribunal, it nonetheless erred in its narrow utilization of the *in pari materia* canon of construction. *In pari materia* (or the related-statutes canon) provides that "laws dealing with the same subject . . . should if possible be interpreted harmoniously." See Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St Paul: Thomson/West, 2012), p 252. The application of *in pari materia* is not necessarily conditioned on a finding of ambiguity. See, e.g., *Int'l Bus Machines Corp v Dep't of Treasury*, 496 Mich 642, 651-653; 852 NW2d 865 (2014) (opinion by VIVIANO, J.) (a plurality opinion in which the Court suggested the application of *in pari materia* to resolve a patent conflict between two unambiguous statutes).

requires or justifies rewriting the unambiguous language of MCL 211.9(1)(a), as respondent urges.

According to respondent, the term "nonprofit" must be read into MCL 211.9(1)(a) because otherwise the Legislature's inclusion of the term in MCL 211.7n—and more generally, the Legislature's enactment of a personal property tax exemption for educational institutions in MCL 211.7n—would be rendered meaningless. We are not convinced. First, while MCL 211.7n and MCL 211.9(1)(a) both offer a personal property tax exemption to educational and scientific institutions, the statutes otherwise differ significantly in the scope of property and entities that each exempts from taxation.[27] Beyond its discrete point of overlap with MCL 211.7n, MCL 211.9(1)(a) cannot be said to have any bearing on the force and effect of the "nonprofit" requirement in MCL 211.7n. Second, while it is true that an educational institution may avoid this requirement by pursuing a personal property tax exemption under MCL 211.9(1)(a), this

---

[27] For instance, the exemption in MCL 211.9(1) focuses predominantly on personal property; the only real property falling within its purview is that "described in subdivision (j)(*i*)," which pertains to certain "methane digester[s] and . . . methane digester electric generating system[s]" used in agricultural operations. MCL 211.9(1)(j)(*i*). Meanwhile, MCL 211.7n is part of a subchapter, running from MCL 211.7 through MCL 211.7ww, addressing tax exemptions for real estate, and it correspondingly reaches "[r]eal estate or personal property" that otherwise meets the requirements of MCL 211.7n. One such requirement is that the property, real or personal, be "owned and occupied by" the provision's listed entities; MCL 211.9(1)(a), however, does not impose this same "owned and occupied" limitation on its personal property tax exemption. And regarding the entities exempted by each provision, the exemption in MCL 211.9(1)(a) is available to "charitable, educational, and scientific institutions" (subject to certain qualifications set forth in the provision), whereas MCL 211.7n extends its exemption to "nonprofit theater, library, educational, or scientific institutions."

9

fact alone does not place the statutes in intolerable interpretive conflict or disharmony with each other. Rather, it simply means that, at their discrete point of overlap, the two statutes present alternative paths to tax exemption. Of course, by choosing one path, the exemption's claimant could avoid the restrictions of the other. But there is nothing to indicate that the Legislature did not intend to offer this choice, or that it intended to narrow the scope of MCL 211.9(1)(a) through the enactment of MCL 211.7n. To the contrary, and as discussed, the Legislature's express inclusion of "nonprofit" in MCL 211.7n only underscores its intent in omitting that term from the first sentence of MCL 211.9(1)(a). MCL 211.9(1)(a) is clear on its face, and we see nothing in MCL 211.7n that would warrant reading terms into MCL 211.9(1)(a) that the Legislature saw fit to exclude.

Respondents also argue that this Court is bound by *Wexford Med Group v City of Cadillac*, 474 Mich 192; 713 NW2d 734 (2006), to hold that the exemption found in MCL 211.9(1)(a) cannot inure to the benefit of a for-profit institution. We disagree. In *Wexford*, this Court concluded that the petitioner, a § 501(c)(3)[28] nonprofit corporation, was a "charitable institution" under MCL 211.7o.[29] Relying on caselaw, this Court concluded that certain factors come into play in determining whether an entity is a charitable institution, including:

> (1) A "charitable institution" must be a *nonprofit* institution.

---

[28] 26 USC 501(c)(3).

[29] *Wexford*, 474 Mich at 221.

10

(2) A "charitable institution" is one that is organized chiefly, if not solely, for charity.

(3) A "charitable institution" does not offer its charity on a discriminatory basis by choosing who, among the group it purports to serve, deserves the services. Rather, a "charitable institution" serves any person who needs the particular type of charity being offered.

(4) A "charitable institution" brings people's minds or hearts under the influence of education or religion; relieves people's bodies from disease, suffering, or constraint; assists people to establish themselves for life; erects or maintains public buildings or works; or otherwise lessens the burdens of government.

(5) A "charitable institution" can charge for its services as long as the charges are not more than what is needed for its successful maintenance.

(6) A "charitable institution" need not meet any monetary threshold of charity to merit the charitable institution exemption; rather, if the overall nature of the institution is charitable, it is a "charitable institution" regardless of how much money it devotes to charitable activities in a particular year.[30]

Significantly, the nonprofit status of the medical-corporation petitioner in *Wexford* was not pertinent to this Court's holding because it was undisputed that the *Wexford* petitioner was a nonprofit § 501(c)(3) corporation under federal law.[31] Thus, any reference to the petitioner's nonprofit status in *Wexford* was not essential to the Court's holding and is obiter dictum. Moreover, *Wexford* is distinguishable from the instant case. The issue in *Wexford* turned on whether the § 501(c)(3) medical corporation was a charitable institution, and in explaining select factors for determining whether an

---

[30] *Id*. at 215 (emphasis added).

[31] *Id*. at 196, 204.

institution is charitable, the *Wexford* Court acknowledged that the factors were based on the definition of "charity."[32] However, characteristics inherent in the definition of "charity" are not necessarily or equally inherent in the definition of "educational," and these distinctions are relevant in attempting to define the attributes of an institution listed in MCL 211.9(1)(a). Profit-making status may have little to do with defining an "educational institution," as such status, in and of itself, may be seen as largely irrelevant to the educational mission. By contrast, the mission of a "charitable institution" might well be seen as incompatible with profit-making. *Wexford* did not address or purport to interpret the requirements for an educational institution, which is a separate category of institution at issue here, nor does the definition of "charity" have any bearing on the instant case. As a result, *Wexford* does not control whether petitioner's for-profit status precludes it from receiving an exemption as an educational institution.

Finally, we see no merit in respondent's claim that reading MCL 211.9(1)(a) without a nonprofit requirement renders either statute in violation of Michigan's Constitution. Const 1963, art 9, § 4, provides, "Property owned and occupied by non-profit religious or educational organizations and used exclusively for religious or educational purposes, as defined by law, shall be exempt from real and personal property taxes."

On the basis of the inclusion of the word "nonprofit" in this constitutional provision, respondent argues that exemptions may only inure to the benefit of nonprofit

---

[32] *Id*. at 215 ("In light of this definition, certain factors come into play when determining whether an institution is a 'charitable institution' . . . .").

organizations. This provision mandates an exemption from tax for nonprofit "religious or educational organizations." It in no way limits tax exemptions created by law that benefit other organizations. Moreover, the Legislature is constitutionally vested with the broad power to tax and with that power comes the power to exempt from tax.[33] The Legislature was free to enact the exemption at issue in this case.

## IV. CONCLUSION

We hold that tax exemption under MCL 211.9(1)(a) is available to a for-profit educational institution. MCL 211.9(1)(a), by its plain and unambiguous language, does not require an educational institution to demonstrate nonprofit status in order to claim the personal property tax exemption.

We affirm the judgment of the Court of Appeals, remand the case to the Tax Tribunal, and direct the Tax Tribunal to consider whether petitioner meets the requirements of MCL 211.9(1)(a) and thus is entitled to an exemption.

Brian K. Zahra
Stephen J. Markman
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

---

[33] See, e.g., Const 1963, art 9, § 3 ("The legislature shall provide for the uniform general ad valorem taxation of real and tangible personal property not exempt by law except for taxes levied for school operating purposes.").

13